**Petition for Writ of Mandamus Granted and Opinion filed July 30, 2026.**



**In The**

# Fifteenth Court of Appeals

### NO. 15-26-00125-CV

## IN RE STATE OF TEXAS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**419th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-000586**

## MEMORANDUM OPINION

This case returns to us on application for writ of mandamus after remand to the trial court. We will conditionally grant relief. Over a year ago, we issued a decision that, in part, reversed the trial court's denial of the State's application for a temporary injunction and instructed the trial court on remand to issue a temporary injunction prohibiting the enforcement of an Ordinance passed by the City of Austin. *State v. City of Austin*, 714 S.W.3d 247 (Tex. App.—15th Dist.

2025, pet denied). The Ordinance is titled "Elimination of Marijuana Enforcement" and has three sections:

- 16-1-1;

- 16-1-2; and

- 16-1-3.

Sections 16-1-1 and 16-1-2 of the Ordinance address citations and arrests for marijuana offenses. Section 16-1-3 prohibits expenditure of city funds or personnel to conduct tetrahydrocannabinol (THC) testing, except in limited circumstances.

The State sought a temporary injunction enjoining all three sections of the Ordinance, which the trial court denied. We reversed and instructed the trial court in our decision to enter on remand "a temporary injunction prohibiting the enforcement of the Ordinance pending a final trial on the merits." *Id*. at 254. The decision expressly defined "the Ordinance" to include all three sections. *Id*. at 249. We did not delineate in our decision that certain portions of the Ordinance should be enjoined while others should remain in effect pending trial. Rather, we instructed that the Ordinance should be temporarily enjoined to preserve the status quo pending trial. Our mandate and judgment instructed the trial court to conduct further proceedings in accordance with our decision. The Texas Supreme Court denied review of our decision, and we have not withdrawn our mandate.

On remand, however, the trial court entered a temporary injunction prohibiting only the enforcement of Sections 16-1-1 and 16-1-2. The trial court failed to enjoin the enforcement of Section 16-1-3, resulting in the State petitioning

this Court for mandamus relief. *See* Tex. Gov't Code § 22.221. The State also alternatively filed an interlocutory appeal from the temporary injunction order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

Upon receipt of the mandate in this case, the trial court had a mandatory, ministerial duty to enforce our judgment. Tex. R. App. P. 51.1(b) ("When the trial court clerk receives the mandate, the appellate court's judgment must be enforced."); *In re Castle Tex. Prod. Ltd. P'ship*, 563 S.W.3d 216, 218–19 (Tex. 2018) (orig. proceeding); *see Tex. Parks & Wildlife Dep't. v. Dearing*, 240 S.W.3d 330, 347 (Tex. App.—Austin 2007, pet. denied) ("The mandate is the formal command from an appellate court commanding the lower court to comply with the appellate court's judgment."). "When an appellate court remands a case to the trial court, the trial court 'has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate.'" *Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 408 (Tex. 2016) (quoting *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013)). Further, the trial court's refusal to comply with its ministerial duty to enforce our judgment warrants mandamus relief. *See In re Castle*, 563 S.W.3d at 218–19; *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) ("[W]e reject the City's claim that mandamus is not the proper remedy. If a trial court fails to issue a judgment in accordance with our mandate, the aggrieved party may seek either a writ of prohibition or a writ of mandamus.").

The City contends that mandamus relief is unavailable because the State has an adequate remedy through its current interlocutory appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) ("Mandamus issues only to correct a

3

clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law."). But, in our prior decision, we already granted the State the relief it is seeking. *City of Austin*, 714 S.W.3d at 254. The State is not required to pursue a second appeal to obtain the same relief we already granted, particularly given the import of the case and the additional resources that will be wasted through continued proceedings. *In re Castle*, 563 S.W.3d at 218 –19; *see In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding) ("Requiring Richardson to pursue a second interlocutory appeal to obtain relief we have already granted in a prior interlocutory appeal is not an adequate remedy at law."); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2024) (orig. proceeding) ("Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss . . . and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.").

Accordingly, we again direct the trial court on remand "to enter a temporary injunction prohibiting the enforcement of the Ordinance pending a trial on the merits." *City of Austin*, 714 S.W.3d at 254. We are confident the trial court will comply, and our writ will issue only if it does not.

/s/ Scott K. Field

Scott K. Field

Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.